UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| MAHESHKUMAR PATEL, | Civil Action No. 17-4820 (JLL) |
| --- | --- |
| Plaintiff, | |
| v. | OPINION |
| VINCENT C. SCOCA, ESQ., | |
| Defendant. | |

**LINARES**, Chief District Judge:

Presently before the Court is the complaint of Plaintiff, Maheshkumar Patel. (ECF No. 1). Also before this Court is Plaintiff's application to proceed *in forma pauperis*. (Document 3 attached to ECF No. 1). Based on Plaintiff's application, it is clear that leave to proceed *in forma pauperis* is warranted in this matter, and therefore this Court will grant Plaintiff's application to proceed *in forma pauperis*. Because this Court is granting that application, however, this Court is required to screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to this statute, this Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, this Court will dismiss the complaint in its entirety.

## I. BACKGROUND

Plaintiff, Maheshkumar Patel, is a convicted state prisoner currently confined in Northern State Prison. (ECF No. 1 at 2-3). In his current complaint, Plaintiff seeks to raise claims against his former defense counsel, Vincent Scoca, whom Plaintiff hired to defend him on various kidnapping and sexual assault charges in 2010. (Document 1 attached to ECF No. 1 at 1-3). In essence, Plaintiff asserts that Scoca failed to live up to his contractual obligations to Plaintiff during

1

the course of his criminal proceedings, ultimately resulting in Plaintiff pleading guilty when he otherwise would not have done so absent Scoca's alleged failings. (Id.). Plaintiff thus asserts that Scoca proved constitutionally ineffective in representing him, took advantage of Plaintiff and his family, and thus derived profit without providing Plaintiff with the services they had agreed would be performed on Plaintiff's behalf.

## II. DISCUSSION

### A. Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has been granted *in forma pauperis* status.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A).

factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**B. Analysis**

Plaintiff, in his complaint, seeks to raise claims against his former criminal defense attorney for alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) ("Section 1983 provides private citizens with a means to redress violations of federal law committed by state [actors]."). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)). Here, Plaintiff appears to be attempting to assert claims against his former criminal defense attorney for violations of his right to counsel during his criminal proceedings, as well as pendent state law claims either for breach of contract or legal malpractice against the same attorney.

The sole federal claim raised in Plaintiff's complaint is a § 1983 claim in which he asserts that his former private defense counsel failed to abide by their contractual agreement and thus denied Plaintiff the effective assistance of counsel. A private defense attorney, however, is not a proper defendant in a § 1983 matter as defense counsel do "not act under color of state law when performing a lawyer's traditional functions[.]" *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Indeed, even "public defenders and court-appointed counsel acting within the scope of their professional duties are absolutely immune from civil liability under § 1983" for this same reason. *Walker v. Pennsylvania*, 580 F. App'x 75, 78 (3d Cir. 2014) (quoting *Black v. Bayer*, 672 F.2d 309, 320 (3d Cir. 1982), *abrogated on other grounds by D.R. v. Middle Bucks Area Vocational Tech. Sch.*, 972 F.2d 1364, 1368 n. 7 (3d Cir. 1992)). Because the sole Defendant named by Plaintiff is a private defense attorney, Defendant is not a proper § 1983 defendant. Moreover, in any event, Defendant is entitled to absolute immunity under § 1983 for the actions he took in his capacity as Plaintiff's lawyer. As such, Plaintiff's sole federal claim must be dismissed with prejudice for failure to state a claim for which relief must be granted in so much as the sole named Defendant is not a proper defendant and is immune from suit under § 1983.[2]

Although Plaintiff's sole federal claim is being dismissed with prejudice, Plaintiff also raises several state law claims against Defendant – specifically breach of contract and legal malpractice. However, because this Court has dismissed the sole claim Plaintiff has raised over which this Court had original jurisdiction, the Court will decline to exercise supplemental jurisdiction over Plaintiff's pendent state law claims. *See* 28 U.S.C. § 1367(c)(3). To the extent

---

[2] Because Defendant's immunity to suit under § 1983 is dispositive of Plaintiff's sole federal claim, this Court need not and does not address neither the timeliness of Plaintiff's claims nor whether his claims are barred by the doctrine announced in *Heck v. Humphries*, 512 U.S. 477 (1994).

4

Plaintiff's state law claims have merit, he must pursue them in state court. Plaintiff's complaint shall therefore be dismissed in its entirety.

### III. CONCLUSION

For the reasons stated above, this Court will grant Plaintiff's application to proceed *in forma pauperis*, but will dismiss Plaintiff's complaint (ECF No. 1) in its entirety. An appropriate order follows.

IT IS SO ORDERED.

DATED:  July 12, 2017

Hon. Jose L. Linares,
Chief United States District Judge